UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

PAMELA BELL,                                    )
                                                )
                    Plaintiff,                  )
                                                )
v.                                              )      No.:    3:24-cv-148-TAV-JEM
                                                )
ROBERT WEMYSS MONDAY,                           )
                                                )
                    Defendant.                  )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's response to the Court's show cause order [Doc. 10]. On August 7, 2024, the Court ordered plaintiff to provide evidence that she has served defendant with process within the time afforded by Federal Rule of Civil Procedure 4(m) or otherwise show good cause why service has not been made [Doc. 9]. In response, plaintiff states that her counsel sent the service packet via certified mail to defendant after the summons was issued on April 4, 2024 [Doc. 10]. It was not until the Court entered its show cause order on August 7, 2024, that plaintiff's counsel realized the packet was not delivered [*Id.*]. As a result, plaintiff represents that, as of August 7, 2024, she has hired a private process server who has attempted personal service on defendant twice and has been directed to continue attempting to locate and serve defendant [*Id.*].

Under Rule 4(m), a plaintiff is required to serve a defendant with a copy of the complaint and summons within 90 days after filing the complaint. But, after a motion to proceed IFP is filed, "a complaint [is] 'filed' only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of

a court." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). In other words, a complaint is deemed filed the moment IFP status is granted, and then, a plaintiff has 90 days to serve the defendant in accordance with Rule 4(m). *See Vallon v. Soc. Sec. Admin., Comm'r*, No. 3:16-cv-703, 2018 WL 4945221, at *1 (E.D. Tenn. Apr. 27, 2018). Here, plaintiff had 90 days to serve defendant with process from April 24, 2024. That deadline expired on July 23, 2024, and plaintiff acknowledges that she has not yet effectuated service of process on defendant.

"If a plaintiff demonstrates good cause for the failure to timely serve process, the court must extend the time for service. Fed. R. Civ. P. 4(m). But absent a finding of good cause, the court retains discretion as to whether or not to enlarge that timeframe." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022), *cert. denied sub nom. U.S. & Mich., ex rel. Mohamad Sy v. Oakland Physicians Med. Ctr., LLC*, 143 S. Ct. 782 (2023) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

Here, plaintiff's counsel's failure to track the service packet that was purportedly mailed upon the issuance of the summons four months ago does not constitute good cause. Accordingly, the Court must decide whether it will exercise its discretion and grant an extension of time. In determining whether to grant a discretionary extension of time in the absence of a finding of good cause, the Sixth Circuit has instructed that district courts weigh the following factors:

> (1) whether an extension of time would be well beyond the timely service of process;

(2)    whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3)    whether the defendant had actual notice of the lawsuit;

(4)    whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5)    whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6)    whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7)    whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569.

With at least two of the above factors inapplicable here, the Court finds that others weigh in favor of granting plaintiff a brief extension of time to serve defendant. In particular, a short extension of additional 21 days would not result in any identifiable prejudice to defendant. Although plaintiff was dilatory in her initial efforts to serve defendant, she represents that her counsel has hired a private process who has attempted and continues to attempt personal service on defendant. This suggests that plaintiff, at least going forward, will be diligent in effectuating service on defendant.

For the reasons above, the Court will not dismiss this case for failure to timely effectuate service of process under Rule 4(m). Plaintiff is hereby **ORDERED** to serve defendant with process within **21 days** of this Order. Plaintiff is cautioned that failure to timely comply with this Order shall result in the dismissal of this action without further

3

notice.  *See* Fed. R. Civ. P. 4(m), 41(b).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4